NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 9 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRINIDAD PEREZ GARCIA; ANA MARIA PRADO CERVANTES; BRAYAN FERNANDO SANCHEZ PRADO; JAYDEN JESUS PEREZ PRADO, | No. 23-3077 |
| | Agency Nos. A216-910-992 A216-910-993 A216-910-994 A216-910-995 |
| Petitioners, | |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2024**
San Francisco, California

Before: McKEOWN, KOH, and JOHNSTONE, Circuit Judges.

---

&ast;      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

&ast;&ast;     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Petitioner Trinidad Perez Garcia,[1] a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of his family's consolidated applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We refer to the petitioners collectively as "Perez Garcia." We have jurisdiction under 8 U.S.C. § 1252. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

"Where, as here, the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (quoting *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002)). Reviewing legal conclusions de novo and factual findings for substantial evidence, *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022), we deny the petition.

The IJ denied Perez Garcia's application for asylum and withholding of removal because Perez Garcia failed to establish harm rising to the level of past

---

[1] Trinidad Perez Garcia ("Trinidad"), the lead petitioner, his partner Ana Maria Prado Cervantes ("Ana Maria"), and their two minor children filed separate applications for asylum, withholding of removal, and CAT protection. Trinidad listed one of the children as a derivate beneficiary on his application, and Ana Maria listed both children as derivative beneficiaries on her application. Each member of the family seeks asylum, withholding of removal, and CAT protection based upon a single encounter between Trinidad and members of a cartel.

persecution; failed to establish a well-founded fear of future persecution based on a protected ground; failed to establish membership in a cognizable particular social group;[2] and failed to show that membership in a particular social group was "a reason" or "one central reason" for the persecution. The BIA affirmed on the ground that Perez Garcia did not demonstrate harm on account of membership in a particular social group. The BIA explicitly declined to consider the IJ's other reasons for denying relief.

Perez Garcia now challenges the agency's conclusions that he did not experience past persecution and did not establish a well-founded fear of future persecution. The BIA did not rule on these bases. Our review is limited to the grounds relied upon by the BIA. *Najmabadi v. Holder*, 597 F.3d 983, 992 (9th Cir. 2010). Because Perez Garcia challenges bases upon which the BIA did not rely or rule and because the BIA was justified in declining to reach these bases, we are "not permitted" to address them. *Id*. at 992 n.3.

Even if we were to assume, *arguendo*, that Perez Garcia had established past persecution and a well-founded fear of future persecution, Perez Garcia has still failed to challenge the agency's conclusions that three of the four proposed

---

[2]     The IJ assumed, but did not decide, that the proposed particular social group of "Mexican women" was cognizable, but applied only to Ana Maria. The IJ determined that the other three proposed particular social groups were not cognizable.

particular social groups are not cognizable and that there was no nexus between the harm experienced and membership in any of the four proposed particular social groups. "Arguments not addressed in a brief are deemed abandoned." *Wilcox v. Comm'r.*, 848 F.2d 1007, 1008 n.2 (9th Cir. 1988).[3]

**PETITION DENIED.**

---

[3] Perez Garcia has failed to raise the issues of CAT protection, humanitarian asylum, and voluntary departure on appeal. Thus, we need not reach them.